1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD MAQUINALES                    No.  2:18-cv-00489 CKD P

12                   Plaintiff,

13         v.                              ORDER

14   SPEARMAN, et al.,

15                   Defendants.

16

17

18         Plaintiff is a state prisoner proceeding pro se and is seeking relief pursuant to 42 U.S.C. §

19   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1) and plaintiff has consented to have all matters in this action before a United States

21   Magistrate Judge.  See ECF No. 6.

22         Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

23   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

24   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

26   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

                                           1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

at 678. When considering whether a complaint states a claim upon which relief can be granted,

the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

U.S. 232, 236 (1974).

/////

## II.    Allegations in the Complaint

Plaintiff names 14 individual defendants at High Desert State Prison based on a September 30, 2017 rules violation report, or 115, that plaintiff was issued.[1]  ECF No. 1.  As a result of this RVR, plaintiff lost 360 days of good time credit and was placed in administrative segregation for 4 months.  Id. at 5-6.  He alleges that his due process rights were violated at the administrative hearing on the RVR and that his Eighth Amendment rights were violated while in administrative segregation due to cold temperatures and the denial of medical care.  Id. at 4-6.  With respect to his due process claim, plaintiff asserts that he was denied a witness and pictures "to prove his innocence," although there is no explanation of who the witness was or what the photographic evidence would have demonstrated.  Id. at 6.  Additionally, plaintiff states that he was "denied medical by P.A. Ramos," but he does not identify what date this occurred or what medical treatment he needed.  Id. at 4.  By way of relief, plaintiff seeks compensatory and punitive damages.  Id. at 7.

## III.    Analysis

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.  If he chooses to file an amended complaint, plaintiff is advised that the following legal standards apply to the claims that he is attempting to assert.

### A.    Official Capacity Claims

At the outset, the court notes that plaintiff brings this action against defendants in both their official and individual capacities.  However, plaintiff may not bring a suit for damages

---

[1] Hereinafter, the court will refer to this as the "RVR."

against defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991). Therefore, plaintiff fails to state a claim for damages against defendants in their official capacities since he is not seeking declaratory or injunctive relief.

### B. Supervisory Liability

With respect to the named defendants who are the Warden, Associate Warden, and supervisory personnel, these individuals are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stanley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff's allegations against all of these defendants fail to allege a sufficient causal link to any constitutional violation based on their supervisory authority.

### C. Due Process Claim

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The issuance of a false disciplinary allegation does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN P, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no

constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)).

With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnel, 418 U.S. 539, 563–71 (1974). As long as the five minimum Wolff requirements are met and there is some evidence in the administrative record to support the decision of the hearing officer, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Superintendent v. Hill, 472 U.S. 445, 455 (1985).

It appears to the court that plaintiff is attempting to state a due process claim against defendants Naryan, Feir, and Speiker for issuing plaintiff a false rules violation. However, even if the court assumes that the RVR is false, that is not sufficient to support a due process claim. To the extent that plaintiff is seeking to raise a procedural due process violation against these same defendants for denying him a witness or photographs, his allegations are too conclusory and do not provide sufficient facts for the court to find a cognizable claim for relief. Likewise, the claim that defendant Peery denied plaintiff due process for giving him "time and didn't have a hearing to do so" is too vague to state a separate claim for relief. ECF No. 1 at 6. For all these reasons, the allegations in the complaint fail to state any cognizable due process claim. However, plaintiff will be granted leave to amend these claims.

### D. Conditions of Confinement

"The Eighth Amendment's prohibition against cruel and unusual punishment protects

prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. Morgan, 465 F.3d at 1045 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that an inmate faces a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. at 837–45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

With respect to the conditions of confinement claim, plaintiff's complaint is devoid of sufficient facts that rise to the level of a constitutional violation. Plaintiff alleges that he was exposed to the cold, but he does not identify which defendant(s) was responsible for the conditions in his cell. The court cannot discern whether the conditions were "objectively, sufficiently serious" to support a cognizable claim for violation of the Eighth Amendment. Moreover, plaintiff does not allege that any particular defendant knew of such conditions and disregarded an excessive risk to his health and safety. Accordingly, the allegations in the

complaint fail to state a cognizable Eighth Amendment challenge to the conditions of plaintiff's confinement while in administrative segregation. However, the court will grant plaintiff leave to amend this claim.

### D.    Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97,106 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious

medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, plaintiff's complaint is completely devoid of any facts that would demonstrate either prong of the two-part test for deliberate indifference. Accordingly, the Eighth Amendment claim against defendant Ramos is dismissed with leave to amend.

## E.     Retaliation Claim

Plaintiff vaguely alleges that "Warden Spearman is being vindictive for [my] 602" and that he is holding plaintiff beyond his maximum release date because plaintiff filed a 602 and a lawsuit. ECF No. 1 at 6. The court liberally construes these allegations as attempting to assert a retaliation claim. A First Amendment retaliation claim requires: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff fails to demonstrate that his administrative appeal was the source of motivation for defendant Spearman's action. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) ("[P]laintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (some internal quotation marks omitted)). The complaint's conclusory and unspecified allegations of retaliation are insufficient to state a claim for relief. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing

8

Twombly, 550 U.S. at 555)). For these reasons, the general allegation of retaliation by defendant Spearman will be dismissed with leave to amend.

### F. Administrative Processing of 602 Complaint

It is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or even ignores an inmate's grievance or appeals, the prison official does not deprive the inmate of any constitutional right. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Wright v. Shannon, No. CIV F–05–1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S–08–2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances and appeals without any basis failed to show a deprivation of federal rights).

The allegations against defendant J. Quan for denying plaintiff's 602 grievance fail to state a cognizable due process claim. However, plaintiff will be granted leave to amend even though it appears unlikely that he will be able to state a due process claim under the Fourteenth Amendment for any alleged injuries arising out of the administration of the prison grievance system.

### IV.    Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read your complaint and concluded that it does not state a claim against any of the named defendants. However, the problems with your complaint may be fixable so you are being given the chance to file an amended complaint within 30 days of this order. Should you decide to try again, pay careful attention to the problems described in this order and how they can be fixed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

/////

/////

two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 10, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/maqu0489.14.new.docx